## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELIJAH REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 16-cv-1378-JBM |
| | ) | |
| MICHAEL P. MELVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, currently incarcerated at the Pontiac Correctional Center, proceeds *pro se* in a § 1983 action claiming unconstitutional use of force, deliberate indifference to his serious medical needs, inhumane conditions of confinement, violation of equal protection and intentional infliction of emotional distress. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).  While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker,* 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ANALYSIS

Plaintiff is on a vegan religious diet.  He alleges that on July 28, 2016, Defendant Officer Mark Balota placed the wrong tray in the chuckhole of his cell.  When Plaintiff saw that he did not have the correct meal tray, he put his hand through the chuckhole door.  Plaintiff alleges that Defendants Balota used his keys to strike Plaintiff's hand, three to four to times.  Plaintiff believed his finger was broken and asked Defendant Balota for medical treatment which was refused.  Plaintiff claims that later that morning he asked medical technician, Brian, for treatment and was told to fill out a sick call request.

Plaintiff claims against Defendant Balota are that he exerted excessive force, was deliberately indifferent to Plaintiff's injuries, subjected him to inhumane conditions of confinement by giving him the wrong tray and intentionally caused him emotional distress.  Plaintiff also claims that Defendant Balota did not afford him equal protection of the law, as he did not "protect Plaintiff the same way as other inmates".  Plaintiff's allegations against med tech Brian are that he was deliberately indifferent and subjected him to the intentional infliction of emotion distress ("IIED").

Prison officials may use force if "applied in a good faith effort to maintain or restore discipline [rather than] maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.' *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted).

Here, Plaintiff claims only a *de minimus* injury where he claims that Defendant used keys to strike his hand three to four times.

The state law IIED claims are dismissed. "Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). "[F]right, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable." *Id*. at 1030. Plaintiff's allegations fail to approach this level and the IIED claims will not proceed.

Plaintiff fails to plead a serious medical condition in his deliberate indifference claims against Defendants Balota and Brian. "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). In evaluating the seriousness of a medical condition, the court evaluates several factors: (1) whether failure to treat the condition would result in further significant injury or the unnecessary and wanton infliction of pain; (2) whether a reasonable doctor or patient would find the alleged injury worthy of comment or treatment; (3) the existence of a medical condition that significantly affects daily

3

activities; and, (4) the existence of any chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff explains that he was struck on the hand three to four times and, while he feared his finger was broken, this was apparently not the case. This is not enough to plead a serious medical need. *See Pinkston v. Madry*, 440 F.3d 879 (7th Cir. 2006) (finding that a split lip and swollen cheek were not an objectively serious medical need.)

The conditions of confinement claim for the single episode of Defendant Balota providing an incorrect tray similarly, is also dismissed. To make out an inhumane conditions of confinement claim a Plaintiff must allege an extreme deprivation. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted).

Plaintiff also fails to allege a Fourteenth Amendment equal protection claim against Defendant Balota. Equal protection applies to state action in which an individual is harmed based on his race, sex, national origin, religion, political affiliation, or other suspect classification or because the person has exercised a "fundamental right," or is a member of a group that is the target of irrational government discrimination. *Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir. 2010). In an equal protection claim, a plaintiff must show that he is a member of a protected class and that: (1) he is similarly situated to members of the unprotected class, (2) he was treated

4

differently than members of the unprotected class, and (3) the defendant acted with discriminatory intent. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000).

Plaintiff's allegation that Defendant Balota failed to "protect Plaintiff the same way as other inmates" does not allege that Plaintiff was a member of a protected class or that Defendant was motivated by discriminatory bias.

Plaintiff names acting Warden Michael Melvin, but claims only that he was responsible for hiring, training and supervising the correctional officers. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("to be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'"). *See also, Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (a supervisor may be individually liable even without direct participation if he evidences "deliberate, reckless indifference" to the misconduct of subordinates… ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") (quotations omitted). The doctrine of *respondeat superior* does not apply to § 1983 claims. *Id.* at 740. As Plaintiff does not allege that Defendants Melvin, participated deprivation, he is dismissed.

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile because the facts do not support Constitutional claims. This case is therefore closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

5

2)      This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3)      Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4/5/2017
_____                    _____s/ Joe Billy McDade_____
ENTERED                                     JOE BILLY McDADE
                                                    UNITED STATES DISTRICT JUDGE