# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

September 13, 2017

To:     Kenneth A. Wells
        UNITED STATES DISTRICT COURT
        Central District of Illinois
        Peoria , IL 61602-0000

|  |  |
|---|---|
| No. 17-1907 | ELIJAH REID, Plaintiff - Appellant |
|  | v. |
|  | MICHAEL MELVIN, et al., Defendants - Appellees |

Originating Case Information:

District Court No: 1:16-cv-01378-JBM
Central District of Illinois
District Judge Joe Billy McDade

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:          No record to be returned

NOTE TO COUNSEL:
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**

9/13/2017

**Received by:**

s/V Haynes

CERTIFIED COPY

A True Copy

Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: *c7_Mandate*(form ID: **135**)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued August 8, 2017
Decided August 22, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 17-1907

| | |
|---|---|
| ELIJAH REID, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cv-1378 |
| MICHAEL P. MELVIN, *et al.,* *Defendants-Appellees.* | Joe Billy McDade, *Judge.* |

## O R D E R

Elijah Reid, a prisoner at Illinois's Pontiac Correctional Facility, appeals the dismissal of his claim that a prison guard used excessive force against him, in violation of the Eighth Amendment to the U.S. Constitution. We conclude that the court acted on the basis of a legal misunderstanding, when it looked at the extent of Reid's injury rather than the degree of force used. We therefore remand for further proceedings.

Reid normally receives vegan meals for religious reasons. But on one occasion, guard Marc Balota delivered the wrong meal. Reid promptly informed him of the error, but the exchange did not go well. Reid described it this way in his *pro se* complaint:

> I put my hand on the chuck hole door and told him [Balota] you gave me the wrong food tray. I get vegan religious diet food tray and Officer Marc Balota with his closed fist keys in fist start to hit my hand real h[ard] 3-to-4 time and told me you going get want the fuck I give you Niggaer … .

Reid added that Balota told him to "fuck off" when he said that his finger might be broken and in need of medical attention. Reid alleged that his hand began to swell and cause him a lot of pain. When another guard came by an hour later, Reid told that guard that he needed medical treatment because his hand might be broken; the guard told him to put in for sick call. Two hours later, a medical technician showed up to dispense his regular medications. Reid reported his hand injury (again) and asked for medical treatment. The technician advised him to put in for sick call.

Whatever happened later at the prison does not appear in the limited record before us. Ultimately, however, Reid filed this suit under 42 U.S.C. § 1983. His complaint raised a number of constitutional and state-law theories against Balota and others, but the only one before us on this appeal is his claim that Balota violated his Eighth Amendment rights by using excessive force against him. Balota was never served, because the district court dismissed Reid's entire action with prejudice at the screening stage. See 28 U.S.C. § 1915A. The court explained its action, insofar as it related to the excessive-force claim, as follows: "Here, Plaintiff claims only a *de minimis* injury where he claims that Defendant used keys to strike his hand three to four times." The court assessed one "strike" against Reid for filing a complaint that failed to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(g).

Represented by *pro bono* counsel, whose efforts we appreciate, Reid has appealed the dismissal of his Eighth Amendment claim. He argues that the district court's order minimizes what occurred. The court's statement, Reid argues, suggests that Balota merely rapped Reid's hand with the keys a few times, rather than using his closed fist, with the keys inside it, to strike Reid's hand with enough force to break it. The court's order also says nothing about the resulting swelling and severe pain Reid described, which had led Reid to believe that the hand or a finger was fractured. We notified Balota about Reid's appeal, but he has elected not to participate.

The court did appear to misunderstand Reid's allegations, but there is a more fundamental problem with its order. It focused on the extent of the injury Reid suffered (*de minimis*, the court thought), rather than the magnitude of the force Balota used. In *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), the Supreme Court held that the relevant inquiry is the amount of force used. The minimal nature of the plaintiff's injuries, it

No. 17-1907                                                                              Page 3

said, "provides no basis for dismissal of his § 1983 claim." *Id.* at 10; see also *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (vacating dismissal of excessive-force claim because district court erroneously focused on extent of injury rather than nature of force applied). The extent of the plaintiff's injury is relevant only insofar as it sheds light on the level of force used. See *Wilkins*, 559 U.S. at 37–38. The absence of significant injury, however, does not defeat a claim of excessive force. See *Hudson*, 503 U.S. at 9 (explaining that "contemporary standards of decency always are violated" when prison officials maliciously cause harm, regardless of whether significant injury results); see also *Hendrickson v. Cooper*, 589 F.3d 887, 890–91 (7th Cir. 2009) ("[W]hile *de minimis* uses of force are non-actionable, a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim.").

Viewing the allegations of the complaint in the light most favorable to Reid, we cannot conclude that the degree of force Balota used was trivial enough to require dismissal. Reid alleges that Balota struck him hard three or four times, using the keys to reinforce Balota's fist, and that the blows caused swelling and significant pain. And this is not a situation in which a prison guard could reasonably use some degree of force to restore or maintain order, for example. *Hudson*, 503 U.S. at 7. As Reid paints it, there was no justification at all for force. He was confined in his cell, and his hand was simply resting on the opening in the door for the food trays in a manner that posed no threat to the guard. "Infliction of pain that is 'totally without penological justification' is per se malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004), quoting from *Hope v. Pelzer*, 536 U.S. 730, 737 (2002), which in turn was quoting from *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

We conclude, therefore, that Reid's complaint states a claim that Balota used excessive force against him, in violation of the Eighth Amendment. We thus VACATE the dismissal of the action and REMAND for further proceedings. In light of this decision, we also order that the strike assessed against Reid be deleted.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

August 22, 2017

Before:     DIANE P. WOOD, Chief Judge

            WILLIAM J. BAUER, Circuit Judge

            FRANK H. EASTERBROOK, Circuit Judge

|  | |
|---|---|
|  | ELIJAH REID,<br> Plaintiff - Appellant |
| No. 17-1907 | v. |
|  | MICHAEL MELVIN, et al.,<br> Defendants - Appellees |

| Originating Case Information: |
|---|
| District Court No: 1:16-cv-01378-JBM<br>Central District of Illinois<br>District Judge Joe Billy McDade |

The dismissal of the action is VACATED and the case is REMANDED for further proceedings. In light of this decision, we also order that the strike assessed against Reid be deleted.

The above is in accordance with the decision of this court entered on this date. Costs are taxed against the State.

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit